[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for wrongful discharge. In Count 1, the plaintiff alleges a violation of General Statutes 31-51q. In Count 2, he alleges a violation of public policy. In Count 3, he alleges defamation. The defendant moves for summary judgment on all three counts.
As to Count 1, the court finds that the motion for summary judgment should be denied. The plaintiff has presented at least some evidence that he was discharged to prevent him from continuing his investigation of fraudulent activity, and that such discharge was a violation of General Statutes Section 31-51q. In its motion for summary judgment, defendant presents evidence that the plaintiff was fired for insubordination, which the plaintiff denies. Defendant has failed, however, to present evidence in regard to plaintiff's allegation of a violation of Section 31-51q. There is a question of fact as to the reason for plaintiff's discharge.
As to Count 2, the court finds that the motion for summary judgment should be denied. "The allegations of the complaint in this count, although not a model of draftsmanship, do state the equivalent of a reporting of a suspected violation of law sufficiently to withstand a motion to dismiss." Nicall v. State of Connecticut, 1 Conn. L. Rptr. 226 (1990). If the plaintiff prevails under Count 1, he may prevail under Count 2. Questions of fact have been raised.
As to Count 3, the court finds that summary judgment should CT Page 5481 be granted. Plaintiff alleges that the defendant published to the whole corporation that the plaintiff had been terminated and that under no circumstances was he to be allowed to enter the building. He alleges that notices to this effect were posted, with the plaintiff's picture, at the security desk at defendant's head office. He further alleges that the notices indicated that the plaintiff himself engaged in fraud, violence or other misconduct. The notice reads as follows:
 "Michael Evans has been terminated effective December 29. We were unable to retrieve his identification badge. Attached is an ID photo of the above individual. Under no circumstances is he to be allowed to enter the building either during or after hours without approval from Tony Pagliuco or the Personnel Department."
The plaintiff has presented no evidence that the statement was untrue, that any outsider saw the notice, or that there was a causal relationship between the memo and alleged damages.
Accordingly, the Motion for Summary Judgment is denied as to Counts 1 and 2 and granted as to Count 3.
Allen, J.